# Smith v. Hall *et al.*

*Bill in Equity to set aside Conveyance of Property as Fraudulent.*

|103  235|
|128  402|

1. *Creditors bill to set aside fraudulent conveyance; when it contains equity.*—Where a bill filed by a judgment creditor, to set aside as fraudulent and void conveyances of real estate by his debtor, and to subject to the payment of his judgment the lands so conveyed, title to which was held by another, alleges that in 1867 and 1874 the said debtor conveyed the said lands without consideration to T., with the intent to hinder, delay and defraud his then existing and future creditors, and with a secret agreement with T. to hold the legal title thereto for the sole use and benefit of the grantor, and subject to his direction ; that complainant's debt was contracted in 1881, and reduced to judgment in 1889; that in the year 1891 T., at said debtor's request, and without consideration, conveyed said lands to the one who held title thereto, at the time of the filing of the bill, as the property and for the benefit of said debtor, such bill contains equity, and is not demurrable.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed on March 24, 1893, by the appellant, Mariah L. Smith, against the appellees, Fred Hall, Amanda Taylor and Louisa Hall ; and prayed to have deeds of conveyance to certin lots of land set aside as fraudulent and void, as against the complainant, as a judgment creditor of the respondent, Hall, and subjected to the payment of the judgment of the complainant. The facts of the case, as averred in the bill of complaint, are sufficiently stated in the opinion.

The respondent assigned nine causes of demurrer, which, succinctly stated, are as follows :   1st.   Because complainant's remedy to enforce payment of her said debt out of said property is barred by the statute of limitations of ten years.

2d.   Because complainant is barred by the statute of limitations of ten years from assailing the *bona fides* of the conveyances and title held by Amanda Taylor, and which title said Amanda conveyed to respondent, Louisa Hall.

3d and 4th.   Because complainant is barred by lapse of time from enforcing payment of her debt out of said property.

5th.   Because the bill fails to show that at the times of the delivery of the deeds to Amanda Taylor, Fred Hall was indebted to anybody, or was insolvent or in failing circumstances.

6th.   Because the bill does not give the name or names of the persons to whom said Fred Hall was indebted at the times said deeds were made to Amanda Taylor.

7th.   Because said bill shows that complainant, at the time she loaned her money to Fred Hall, had constructive knowledge that Amanda Taylor held the legal title to said property, and was then in the actual occupancy of one of the lots, and complainant does not deny that she had actual knowledge of the true condition of the title, or aver that she gave credit to Fred Hall on the faith of his ownership of said lots.

8th.   Because the bill shows that at the time complainant loaned her money to said Fred Hall she knew that the said several conveyances to Amanda Taylor were in fact fraudulent conveyances, and she gave credit to said Fred Hall on the faith of said deeds being fraudulent

[Smith v. Hall *et al.*]

in fact, and that said Amanda Taylor held said property as trustee, &c., for subsequent creditors of said Fred Hall, and the bill fails to show any cause or excuse why complainant has so long delayed in bringing her suit.

9th. Because appellant is barred by her laches and unreasonable delay.

This demurrer was sustained; and the complainant prosecutes the present appeal, and assigns as error the decree of the chancellor in sustaining the demurrer.

GREGORY L. & H. T. SMITH, for appellant.—The bill clearly and distinctly alleges that the legal title was conveyed to Amanda Taylor under an agreement that the use, benefit, enjoyment, control and power of disposition should remain in Fred Hall. This agreement was a secret agreement not disclosed upon the face of the conveyances. This was sufficient to render the conveyances fraudulent and void as to Hall's existing indebtedness.— *Campbell v. Davis*, 85 Ala. 60; *Pickett v. Pipkin*, 64 Ala. 520. Its necessary effect was to embarrass Fred Hall's existing creditors in the collection of their debts, and when this is the case the law stamps the transaction as fraudulent.—*Sims v. Gaines*, 64 Ala. 392.

2. The fact that the trust rested in parol does not, in the absence of the statute of frauds, invalidate it. Such a trust is enforceable unless the statute of frauds is specially pleaded in defense thereof. To be available, this defense must be set up by a special plea.—*Espalla v. Wilson, Sage & Co.*, 86 Ala. 491; *Jonas v. Field*, 83 Ala. 445; *Lewis v. Teal*, 82 Ala. 288; *Shakespeare v. Alba*, 76 Ala. 351.

3. The statute of limitations, as applicable to the recovery of an indebtedness, is a defense personal to the debtor; and can not, therefore, be set up by a fraudulent grantee.—*Bolling v. Jones*, 67 Ala. 514.

L. H. FAITH, *contra.*—The true question is, what is the character of the trust between Amanda Taylor, the alleged fraudulent grantee, and the creditors of Fred Hall, the alleged fraudulent grantor? If it is an express trust then it is admitted that the statute of limitations of ten years does not operate as a bar, but if it is an implied trust, then the statute does operate as a bar.— *Snedecor v. Watkins*, 71 Ala. 48; *Proskauer v. People's Sav.*

[Smith v. Hall *et al.*]

*Bank*, 77 Ala. 257 ; *Nettles v. Nettles*, 67 Ala. 599 ; *Lockard v. Nash*, 64 Ala. 387; *James v. James*, 55 Ala. 525 ; 40 N. W. Rep. 490; 11 S. W. Rep. 4. But the bill shows that the alleged trust between Amanda Taylor and Fred Hall was not valid.—*Patton v. Beecher*, 62 Ala. 579 ; *Brock v. Brock*, 90 Ala. 87.

2. When a case made by the bill is *prima facie* within the bar of the statute of limitations, or offensive to the rule in equity against the enforcement of stale demands, it is incumbent on the complainant to positively and distinctly aver the facts and circumstances which excused the delay. And where fraud is charged the bill must allege with precision the facts which constitute the alleged fraud, and the discovery of those facts within twelve months before the filing of the bill.—*Duncan v. Williams*, 89 Ala. 341 ; *Haggerty v. Elyton Land Co.*, 89 Ala. 433 ; *James v. James*, 55 Ala. 525 ; *Scruggs v. Decatur Co.*, 86 Ala. 173 ; *Proskauer v. People's Sav. Bank*, 77 Ala. 257.

3. The 4th and 9th causes of demurrer are to the point that by reason of appellant's laches and unreasonable delay, she is not entitled to the assistance of the court of equity to enforce her demand.—*Nettles v. Nettles*, 67 Ala. 599 ; *Philippi v. Philippi*, 61 Ala. 47; *James v. James*, 55 Ala. 525; *Greenlees v. Greenlees*, 62 Ala. 330 ; *Gordon v. Ross*, 63 Ala. 363.

4. The joint possession by Fred Hall and Amanda Taylor of the property after the conveyances had been made and recorded, coupled with an express or implied secret trust for the benefit of Fred Hall, does not constitute such actual fraud as a subsequent creditor may have the deeds set aside.—*Stiles v. Lightfoot*, 26 Ala. 443 ; *Nobles v. Coleman*, 16 Ala. 86 ; *Terrell v. Green*, 11 Ala. 207; *Paulling v. Sturgus*, 3 Stew. 95 ; *Tryon v. Flournoy*, 80 Ala. 321; *Tompkins v. Nichols*, 53 Ala. 200.

5. If the complainant trusted Fred Hall in the belief that he owned the land, it was negligent in her to do so, for the conveyances of the property to Amanda Taylor, duly acknowledged, were filed for record within a few days after the execution of each.—*Wallace v. Penfield*, 106 U. S. 263 ; *Clark v. Killian*, 103 U. S. 766; *Graham v. R. R. Co.*, 102 U. S. 148; *Sexton v. Wheaton*, 8 Wheaton 251; *Kirksey v. Snedecor*, 60 Ala. 192.

COLEMAN, J.—The appellant, as a judgment credi-

[*Smith* v. *Hall et al.*]

tor of Fred Hall, filed the present bill, to subject certain real estate, the legal title to which is held by Louisa Hall, to the payment and satisfaction of the judgment. The court sustained a demurrer to the bill and from this decree the appeal is prosecuted.

According to the averments of the bill, Fred Hall became indebted to complainant in the year 1881 for borrowed money, for which he executed his obligation, and this claim was reduced to judgment in July, 1889, for $2,807.11. This judgment is the foundation of the bill of complaint. The following facts averred in the bill are relied upon, to support the prayer for relief: In October, 1867, Fred Hall purchased and paid for a lot or parcel of land and had the title conveyed to one Amanda Taylor. In June, 1874, he conveyed to Amanda Taylor, without consideration, another parcel of land. These conveyances are absolute in form, and recite a valuable consideration as paid by the grantor. The bill avers that at the date of these several conveyances there were existing creditors of Fred Hall, and that the conveyances were made to Amanda Taylor to hinder, delay and defraud such existing creditors, and for the purpose and with the intent to defraud such other persons as he might thereafter become indebted to. The bill avers that when these conveyances were made to Amanda Taylor, there was a secret agreement between Fred Hall and Amanda Taylor, that she was to hold the legal title for the sole use and benefit of Fred Hall and subject to his direction, "and that said conveyances were received by said Amanda Taylor, under an agreement, expressed or implied, that she should hold said property for the benefit, use and enjoyment of said Hall, and subject to any disposition that he might thereafter request her to make, and she did so hold said property, and said Hall did so use and enjoy said property and received the benefit thereof until the 14th day of August, 1891, when said Amanda Taylor, at the request of said Hall, conveyed said property to one Louisa Hall as hereinafter stated." The bill then avers the conveyance of said lands on the 14th of August, 1891, by said Amanda Taylor to Louisa Hall, the widow of an illegitimate son of said Hall and Amanda Taylor, without consideration and with like agreement and understanding as that averred as existing between Fred Hall and Amanda Taylor, and that

the conveyance to Louisa Hall was at the request of Hall, and in accordance with, and execution of, the secret agreement between Fred Hall and Amanda Taylor, and that both Amanda Taylor and Louisa Hall, at all times, virtually held the property for Hall as his own. We have in substance stated the vital averments of the bill. We are of opinion the bill has equity. Assume, for the argument, Amanda Taylor answers the bill and admits as true its averments, to-wit, that she was the mere repositor of the legal title, that she never paid anything for the property, and claimed no interest in it under the conveyance, but by agreement held the title solely for the use, benefit and subject to the control, of Fred Hall. Was not the property thus held by her liable to the debts of Fred Hall, and that without regard to the time of their contraction? Assume further that by her answer she admits that the legal title to the property thus held by her, at the request of Fred Hall and in pursuance of the agreement under which she held it, was conveyed to Louisa Hall without consideration, in June, 1890, after the rendition of the judgment against Hall, and assume that Louisa Hall admits these facts to be true, would not the conveyance to Louisa Hall be at least constructively fraudulent, as against the judgment of complainant? This is complainant's case, made by his bill, when considered upon demurrer. The averments of the bill are even stronger as to Louisa Hall than we have assumed. However fraudulent the purpose of a conveyance, it is binding upon the grantor, where its benefits are claimed by the grantee, and upon the same principle a fraudulent grantor can not enforce a secret trust or agreement, or a resulting trust for his benefit, as against the grantee. *In pari delicto melior est conditio possidentis.* *King v. King*, 61 Ala. 479; *Kelly v. Karsner*, 72 Ala. 106.

Section 1845 of the Code, declares that "No trust concerning lands, except such as results by implication or construction of law, can be created, unless by instrument in writing," &c. These principles apply in favor of a grantee claiming the property in his own right, under the conveyance, and adversely to the grantor. A fraudulent grantee is not compelled to invoke or plead the statute of frauds against the grantor, and he may also, if he sees proper, waive any rights received by a

fraudulent conveyance, and hold the property conveyed for the benefit and use of the grantor. When thus held, and no claim or ownership is set up to the property by the grantee under the conveyance adversely to the fraudulent grantor, it is subject to the payment of his debts.

If the averments of the bill had shown an adverse holding by Amanda Taylor, we do not say that she or her grantee could not invoke the benefit of the statute of limitations of ten years by a demurrer to the bill.—*Proskauer v. Savings Bank*, 77 Ala. 257 ; *Snedecor v. Watkins*, 71 Ala. 48; *Lochard v. Nash*, 64 Ala. 385. Under the averments of the bill as framed such a defense is not available by demurrer.

By answer or plea the respondents may become entitled to the benefits of the principles of law, invoked in support of the demurrer.

Complainant avers that the purpose and intention of Fred Hall in making the conveyance was to defraud existing and future creditors, but as we construe the bill, the relief sought is rested, not alone upon these allegations, but upon those averments, which if true, show that the property in fact belonged to Fred Hall, and was so recognized and held for him by Amanda Taylor, notwithstanding the legal title was in her name, and that the conveyance to Louisa Hall was for a voluntary consideration.

Reversed and remanded.