CASE 54—ACTION ON POLICY OF LIFE INSURANCE—MAY 2.

# Sun Life Ins. Co. v. Taylor.

APPEAL FROM JEFFERSON CIRCUIT COURT.

ACTION BY NETTIE TAYLOR AGAINST THE SUN LIFE INSURANCE COMPANY ON A POLICY OF LIFE INSURANCE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

PROVISION THAT POLICY SHALL BE INCONTESTABLE.

Held: The provision of a policy that it shall be incontestable "if the insured shall die three or more years after the date hereof, and after all due premiums shall have been received by the company," applies where the company seeks to avoid liability by virtue of a clause providing that the policy shall be void "if the insured dies in consequence of his own criminal action."

STROTHER & GORDON, ATTORNEYS FOR APPELLANTS.

The case should be reversed for the following reasons:
1. The court should have given peremptory instructions for the defendant.
2. It was error to give instructions given for plaintiff, and to refuse the instructions offered for defendant.
3. It was error to allow plaintiff to testify as to acts and conversations of the decedent, and this error was not corrected by an instruction to disregard the incompetent testimony.
4. Statements of the deceased were not competent against the defendant not made in its presence or in the presence of its agents or representatives.
5. The "incontestable" clause of the contract does not deprive the company of its right to plead a breach of the contract by the insured in causing his own death, by his own criminal action.

Sun Life Ins. Co. v. Taylor.

6. The contract does not bear such construction, and if such construction were given it, then the contract to that extent would be contrary to public policy and void. Union Central v. Cheever, 36 Ohio State, 201; Crumps v. Stark, 23 Ark., 131; Wharton on Evidence, sec. 72; Crane v. Gunn, 4 B. Mon., 12; Pollard v. L. C. & L. R. R. Co., 7 Bush, 567; Thomas v. Thomas, 2 J. J. Marshall, 60; Condell v. Woodward, 16 Ky. Law Rep., 742; Brady v. Prudential Ins. Co., 168 Pa., 649; Joyce on Ins., secs. 2606 and 2607; Cluff v. Mut. Ben. Life Ins. Co., 13 Allen, (Mass.), 308; Hatch v. Mutual Life Ins. Co., 120 Mass., 550; Hartman v. Ins. Co., 21 Pa. St., 466; Supreme Commandery v. Ainsworth, 71 Ala., 436; Ritter v. Mutual Life Ins. Co. N. Y., 169 U. S., 140; Cooke on Life Ins., page 113, sec. 70; Maynard v. Rhodes, 5 Dowling & Ryland, 266; Gresham v. Equitable Life & Accident Ins. Co., 13 L. R. A., 838, which last case is very important on the questions involved.

HENRY H. LYON, ATTORNEY FOR APPELLEE.

1. Admissibility of testimony concerning statements and admissions made by assured during his life.
2. Liability of an insurance company on a policy of insurance containing an incontestable clause, providing that if the insured shall die three or more years after the date of the policy and after all due premiums shall have been received by the company, said policy shall be incontestable. Yarborough v. Thompson, 41 Am. Dec., 626; Coopers' Eq. Pl., 46; 2 Story's Eq., 112 et seq; Angel v. Hadden, 15 Ver., 246; 2 Story's Eq., 116; Gibson v. Goldthwaite, 7 Ala., 28; 1 Greenleaf on Evidence, par. 147; 4 Joyce on Ins., 904; Smith v. Nat. Ben. Society, 123 N. Y., 85; Redding v. Redding, 69 Vt., 500; Miller v. Shackelford, 4 Dana, 267; McMaster v. N. Y. Life Ins. Co., 90 Fed. Rep., 45; Mut. Reserve Fund Assn. v. Payne, 32 S. W. Rep., 1065; Brady v. Prudential Ins. Co., 32 Atlantic Rep., 102; Mass. Ben. Life Assn. v. Robinson, 27 Ins. Law Journal, 1003; Marck v. Mutual Reserve Fund Life Co., 64 N. W., Rep., 68. (Syl); Patterson v. Nat. Prem. Ins. Co., 20 Ins. Law Journal, 820; Goodwin v. Provident Savings Life, 66 N. W. Rep., 159; Simpson v. Ins. Co., 115 N. C., 396; Ritter v. Mutual Life Ins. Co., 169 U. S., 140.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellant issued a policy of insurance to Robert P. Knox on his life, and, being indebted to the appellee, Nettie Taylor, he assigned it to her, the indebtedness exceed-

ing the amount of the policy. The fourth clause of the policy provides that it shall be void "if the insured dies in consequence of his . . . own criminal action." The twelfth clause of the policy reads as follows: "If the insured shall die three or more years after the date hereof, and after all due premiums shall have been received by the company, this policy shall be incontestable." The real question involved on this appeal is the interpretation of these provisions of the policy. One of the defenses to the action was that the insured died in consequence of his own criminal action, and therefore the policy is void. On the trial of the case the insurance company offered to prove that the insured assaulted a man, thus putting the man's life in peril, and in his own necessary self-defense the party assaulted slew the insured. The court refused to allow the appellee to introduce the evidence.

It is insisted that the twelfth clause of the policy, which we have quoted, does not render it incontestable where the insured died in consequence of his own criminal action; that the parties did not intend by that provision of the policy to render unavailable a defense based on a violation of law which was made a breach of the policy by its terms, but that the provision as to the incontestable nature was that it should not be contested for misrepresentations in securing it. The language providing that the policy should be incontestable does not restrict it to any particular grounds of contest, but it is broad and comprehensive enough to embrace any and every defense which might have been made to it before the expiration of three years. To say that it has reference to one defense, and not to another, is writing into the policy terms which the very language of it excludes. In construing a contract, the whole must be taken together, in order

to determine the intention of the contracting parties. It is not reasonable to suppose that a party would take out a policy of insurance with the view of committing suicide, or to lose his life by some criminal action, three years after the delivery of the policy. Neither would it be supposed that he would attempt to practice a fraud upon the insurance company in that way.

Forfeitures are not favored by the law. The insured is never permitted to select the terms used in a policy of insurance, and the rule is that in construing a policy wherein its terms render doubtful its meaning a construction must be given which is favorable to the party insured; and, in addition thereto, if the policy contain inconsistent or contradictory provisions, force must be given to those that sustain, rather than to those which forfeit, the contract. McMaster v. Insurance Co. (C. C.), 90 Fed., 40. Under these rules of interpretation we must conclude that it was the intention of the parties to the contract that the policy was to be incontestable after three years, notwithstanding the insured might then die from his own criminal action.

In Association v. Payne (Tex. Civ. App.), 32 S. W., 1063, the policy of insurance contained a clause providing that, if the certificate should be in force for five years, it should thereafter "be incontestable for any cause except for nonpayment of dues." The court held that suicide of the insured, after the policy had been in force five years, would not relieve the company from liability. In the case of Mareck v. Association (Minn.), 64 N. W., 68, the court had under consideration a policy substantially the same as the one here under consideration. The insured came to his death by his own hand, and the court held the incontestable clause applied, and that the company was liable on

the policy. In Goodwin v. Society (Iowa), 66 N. W., 159; (32 L. R. A., 475), the court had under consideration a similar question to the one here involved, and said: "The .application which Goodwin made for his insurance contained a statement which, if standing alone, would avoid the plaintiff's cause of action, for it is conceded that Goodwin committed suicide. But the policy contained this provision: 'Subject to the stipulations regarding payment of premiums and extrahazardous occupations, claim under this policy by death occurring two or more years after its date will be incontestable, except for fraud in obtaining this policy.' If there were nothing more to the case than this provision of the policy, there would be no doubt that plaintiff's claim could not be defeated because her husband took his own life; for a claim, under the policy, by death occurring two or more years after its date, was incontestable, except for fraud. We have a case, then, for construction of these seemingly ambiguous and conflicting provisions.

"The tenets established for the guidance of courts in such matters are well understood, and no one is better established than that in all cases the policy must be liberally construed in favor of the assured, so as not to defeat, without a plain necessity, his claim for indemnity. And when the words used may, without violence, be given two interpretations, that which will sustain the claim and cover the loss should be adopted." In Simpson v. Insurance Co., 115 N. C., 396; (20 S. E., 517), the court was construing the incontestable feature of a policy, and said: "The quality of incontestability could, with no propriety, be predicated of this contract of insurance if it was still allowed to the insurer to dispute its liability to the insured for the amount of the insurance upon the ground

that the death was caused 'by the use of intoxicating liquor or opium, or from the violation of law, or any condition or agreement contained in this policy, or the application upon which this policy is issued.' And yet, if it may now, under its contract, contest with this beneficiary as to its liability for the amount of insurance, upon the allegation that the deceased committed suicide, it may contest with the beneficiaries under other similar contracts upon the grounds enumerated above. If this can be done, the policy is certainly not incontestable, for the whole field of dispute would then be open to the defendant."

By the incontestable feature of the policy the company, in effect, said it would not refuse to pay the amount of the policy although the insured might, while sane or insane, take his own life, or if he should lose it by his own criminal action. It was not an agreement that it would pay him the amount of the policy if he committed suicide, or lost his life by his own criminal action, but it was an agreement that no defense should be made on that ground if he lived and continued to pay the premiums for three years. The judgment is affirmed.