His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
*36 This is a suit on a life insurance policy. The defense is that because the assured has violated one of the conditions of the policy the plaintiff must suffer a reduction on the amount of the policy.
The petitioner .alleges that her husband carried a life insurance policy dated April 13, 1896, in her favor for $5000 in the defendant company; that her husband died on Nov. 5, 1914; but that the company refuses to pay her $5000, and she prays for judgment for the whole of said $5000 subject to a credit of $1,734.30 which her husband owed the company.
The insurance company admits the allegations of the petition but avers that the policy of insurance sued on provides that:
“If the said member resides or travels south of the Tropic of Cancer, or engages in any occupation or employment .more hazardous than that mentioned in the application without first. obtaining the written consent of the president, then the beneficiary shall receive from the association such a sum in payment of this policy as the board of directors may determine, provided, however, that such sum shall not be less than 80 per cent of the face value of the within policy.”
That the assured, Dr. Brady, without permission of the Association, did travel south of the Tropic of Cancer and about three years prior to his death went to 'Tampico, Mexico, and resided there for some six months; that in 1908 he went to Honduras, and later on visited the South Coast of Africa; that therefore under the .above conditions of the policy the sum due to him is eightly per cent of the policy or $4,000 less the indebtedness mentioned in the petition, leaving a balance of $2,265.70 which it tenders.
*37 Plaintiff admits the travels, but replies that the policy contains the following clause, viz:
“After three years from the date hereof, if the payments required hereunder shall have been made when due, this policy, in the event of the death of the member, shall be incontestable for the sum payable hereunder. ’ ’
And that under said clause the conditions of travel were waived and were no longer in existence after the three years above mentioned. - '
The plaintiff thereupon moved for judgment for the whole .amount claimed by her. There was judgment in her favor and the defendant has appealed.
There is no doubt of the validity of the clause limiting the liability of the insurer in case the insured shall travel beyond certain specified limits.
25 Cyc., 874 (b); 83 N. Y., 492; 11 Cushing, 443.
Nor is there any doubt that the insurer .may make its policy incontestable or indisputable or unquestionable at once or after the expiration of a certain delay.
2 L. R. A., 247, 260.
The only • question in this case is, therefore, whether this incontestable clause applies to the conditions of travel and other conditions of the policy hereinabove mentioned.
Upon the argument of the Gase we were inclined to the opinion that the incontestable clause went only to the extent of precluding any defense after the stipulated period on account of false statements or representations preceding the date of the policy which were warranted ■ to be even though they were made fraudulently; that the correct meaning of the clause- was that the liability *38 should be absolute under the policy and .according to all its terms, and that no question could be made of its original validity; that the object of the clause was to allow the insurer the opportunity of ascertaining the truth concerning all the facts and matters material to the policy; and that if it found no objection to the policy during that time, it could not do so afterwards, and especially after death had closed the lips of the assured.
25 Cyc., p. 873 (2); 42 L. R. A., 247.
But an examination of the authorities has forced us to a different conclusion.
In the 64 N. W., 68 (Minn.) the clause in the policy was: “This policy is issued and accepted subject to the express conditions, among others, that if the insured should remain in any place after yellow fever shall have been declared epidemic * * * then .and in every such case the contract shall be null and void.”. The Court said that those conditions ceased to exist after five years under the incontestable clause.
See also, Mutual Reserve Fund Life Ass’n. vs. Fayne (Texas) 32 S. W., 1063; Bliss on Life Ins. (2nd. Ed.) p. 428; Bl. & El., 232, 283; Wheelton vs. Hardesty.
In Simpson vs. Life Ins. Co., 115 N. Carolina, 393, 20 S. E., 517, 84 Am. St. Rep., 554, the Court said:
“The quality of incontestability could with no propriety be predicated of this contract of insurance if it was still allowed to the insurer to dispute its liability to the insured for the ‘ amount of the insurance’ upon the ground that the death was caused ‘by the use of intoxicating liquors, or by opium, or from the violation of law, or any condition or agree *39 ment contained in this policy or the application upon which this policy is issued.’ ”
In a case where the insured had assaulted another, and was killed by him, and the policy on his life provided that it would be void “if the insured died in consequence of his own criminal action,” it was held that the insurer was liable on the faith of the incontestable clause.
Sun Life Ins. Co. vs. Taylor, 108 Ky., 408, 56 S. W., 668, 84 Am. St. Rep., 383.
“A clause in a policy making it incontestable after two years from its date will control an agreement in the application that death by suicide is not covered by the .policy so that such death by suicide after the ■expiration of that period will not defeat liability on the policy.”
32 L. R. A., 473 (Iowa); 66 N. W., 1.57, 97 Iowa, 226; 84 Am,. St. Rep., 554; 75 N. W. (Wisc.) 980; 100 Wisc., 118, 75 N. W., 980; 69 Am. St. Rep., 899.
“The usual clause rendering the policy incontestable after it has been in force for a specified time excludes the defense of breach of condition by suicide, after the policy has thus become incontestable.”
25 Cyc., p. 881 (f).
We have not met with, nor have we been referred to, any authority to the contrary. The cases of 83 N. Y., 492 and 11 Cushing (Mass.) 448, quoted by defendant, do not pass upon the question herein presented.
The defendant would make a distinction between contesting the validity of the policy and claiming a reduction of it for subsequent causes according to its conditions. But the authorities go to the length of saying that *40 after the period of incontestability has elapsed all the provisions, clauses and conditions cease to exist whereby the insurer could resist liability under the policy for the whole amount or any part thereof.
Opinion and decree, November 8th, 1915.
Rehearing refused, December 6th, 1915.
Writ denied, January 11, 1916.
An insurance policy .is interpreted against the company, and in favor of the assured.
192 U. S., 149; 42 L. R .A., 259; 65 Mich., 545; 32 L. R. A., 476; 64 N. W., 69; 131 N. W., 250; 32 S. E., 1066; 94 Am. St. Rep., 384; 72 S. E., 296; 204 Ill., 549; 63 L. R. A., 452; 30 S. E., 918.
Judgment affirmed.