SANDEL v. PHILADELPHIA LIFE INS. CO.

(122 S. E., 591)

Before FEATHERSTONE, J., Calhoun, 1922. Affirmed.

Action by W. H. Sandel against the Philadelphia Life Insurance Company upon a policy of insurance. From a directed verdict in favor of the plaintiff, the defendant appeals.

*Messrs. Thomas & Lumpkin,* for appellant, cite: *Criminal act of the insured:* 47; Law Ed; 219. *Public policy:* 223 U. S., 234; 1918-A L. R. A., 896; 20 Pitt. Law Journal, 111; 46 Am. Rep., 332; 1918-A. L. R. A., 899; 1830, 4th Bligh N. R., 194; 169 U. S., 138; Note 14 L. R. A. (N. S.), 356; 117 U. S., 591; Sub. Div. 8, Art. 1, Constitution 1895; 51 L. R.A., 141; 1917-B, L. R. A.,

1213. *Incontestable clause:* 23 A. & E. Enc. of Law, 455; 15 A. & E. Enc. of Law, 927; Cooley's Briefs, Law of Insurance, Vol. 1, 542; Joyce on Insurance, Vol. 4, Sec. 2506; 12 S. C., 839; 14 L. R. A., 846; 51 L. R. A., 889; 57 L. R. A., 318; 9 L. R. A. (N. S.), 1014. *Contracts void as against public policy:* 35 L. R. A., 309; 60 L. R. A., 429; 21 L. R. A. (N. S.), 800; 6 R. C. L., 707–751. *Beneficiary who murders insured cannot take under the policy:* 117 U. S., 591; 169 U. S., 139; 115 Pac., 169; 263 Fed., 764. *Party to contract not estopped to claim benefit of Public Policy Rule:* 10 R. C. L., 101; Note No. 3; 99 Am. Dec., 365; 37 N. E., 158; 49 N. E., 592; 148 N. W., 858; 108 N. W., 381; 25 N. E., 493; 33 S. E., 382; 62 Pac., 145; 67 Pac., 381. *Rules of Public Policy governing insurance Contracts:* Cooley's Briefs, Vol. 1, 251, 545, 546, 549, Vol. 4, 3152, 53. *Incontestable clause not a plea against results of crime:* 83 So., 59.

*Messrs. W. C. Wolfe* and *M. M. Mann,* for respondent, cite: *Identical facts:* 122 S. E., 586. *Insurance policy on estate:* 13 Ann. Cases, 130. *Agreement to pay:* 14 R. C. L., 840; 16 Am. & Eng. Enc. of Law (2d Ed.), 842; 28 Eng. L. & Eq., 312; 13 wall., 661; 16 Fed., 650. *Public policy:* 19 S. C., 185; 254 U. S., 96.

April 15, 1924.

The opinion of the Court was delivered by Mr. Justice Marion.

This case, upon facts substatially the same, raises the identical question considered and decided in the case of *W. G. Weeks v. New York Life Insurance Co.,* 122 S. E., 586.

The case is ruled by the decision in the *Weeks Case,* and the judgment of the Circuit Court is accordingly affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.