AFRO-AMERICAN LIFE INS. CO. v. LULA JONES.

151 So. 405.
Division B.
Opinion Filed December 6, 1933.

*S. D. McGill,* for Petitioner;

*Will O. Murrell* and *Evan T. Evans,* for Respondent;

BUFORD, J.—This case is before us on writ of certiorari to review the judgment of the Circuit Court of Duval County affirming judgment of the civil court of record in favor of the respondent against the petitioner in a suit on a life insurance policy.

The question presented is whether or not the essential requirements of the law were observed by the appellate court in entering the judgment affirming the judgment of the trial court.

The proper answer to this question depends upon whether or not plaintiff's demurrer to the first plea interposed to the second count of plaintiff's declaration was properly sustained.

The second count of the declaration was as follows:

"That in consideration of the premiums paid to it the defendant issued to Quincy Cook its policy of insurance and thereby promised to said Quincy Cook in the terms of its said policy and upon the conditions thereto annexed to insure said Quincy Cook against death during the life of its said policy in the sum of $500.00, payable to the plaintiff herein, who is named as beneficiary in said policy, as more fully appears by said policy of insurance hereto annexed, marked Exhibit 'B' and made a part hereof.

"That at the time said policy of insurance was issued the

name of the defendant was The Afro-American Insurance Company, but that since said date the name of the defendant has been changed to The Afro-American Life Insurance Company.

"That during the life of said policy and on, to-wit: the 28th day of March, 1932, the said Quincy Cook died under such circumstances as to come within the promise and undertaking of said policy and to render liable and oblige the defendant to pay to the plaintiff the sum of $500.00, and although all conditions have been performed and fulfilled and all events and things existed and happened and all periods of time have elapsed to entitle the plaintiff to the said sum of $500.00 and nothing has occurred to prevent plaintiff from maintaining this suit, yet the defendant has not paid or made good to the plaintiff the said amount or any part thereof, but refuses so to do.

"That plaintiff has employed an attorney, to-wit: her attorney of record herein, to prosecute her aforesaid claim based upon said policy and has agreed to pay her said attorney a reasonable sum as compensation for his services in prosecuting this suit, and plaintiff claims in addition to the said sum due her under the terms of said policy a reasonable sum as compensation for the services of said attorney prosecuting this suit."

To the declaration was attached a life insurance policy which contained the incontestability clause in the following language:

"10. Incontestability.—This policy shall be incontestable after two years from its date except for fraud or non-payment of premiums."

The plea interposed was as follows:

"1. That the said Lula Jones ought not to have or maintain her actions against it the said Afro American Life

Insurance Company because the insured did not die under such circumstances as to come within the premises and undertakings of said policies of insurance sued upon. That heretofore and while said policies were in full force and effect, the insured was tried for the commission of a criminal offense contrary to the laws of the State of Pennsylvania in such case made and provided, that at said trial the insured was convicted of said criminal offense and thereupon adjudged to be guilty and sentenced to death at the hands of justice in the State of Pennsylvania, and thereafter as a result of said conviction and in accordance with said sentence and judgment the insured was, on the 28th day of March, A. D. 1932, put to his death by the hands of justice in the State of Pennsylvania. Wherefore defendant prays judgment if the said Lula Jones ought to have and maintain her action against it.

"2. That the said Lula Jones ought not to have or maintain her action against it the said Afro American Life Insurance Company because it is provided by clause 7 (a) of the policy sued upon in the second count of plaintiff's declaration as follows:

" '7. LIMITATIONS OF INSURANCE.—(a) No death benefits shall be payable hereunder when death occurs as a result of * * * resisting law or legal authorities by the insured * * *.'

"That heretofore and while the policy sued upon was in full force and effect the insured was tried and convicted of the commission of a criminal offense contrary and in resistance to the laws of the State of Pennsylvania in such case made and provided; that upon said conviction the insured was adjudged to be guilty and sentenced to be put to death by the hands of justice and thereafter as a result of said conviction and in accordance with said judgment and

sentence the insured was on the 28th day of March, A. D. 1932, put to death by the hands of justice in the State of Pennsylvania.

"WHEREFORE, defendant says that the death of the insured was not caused by or the result of any risk undertaken by this defendant, and the defendant prays judgment if the said Lula Jones ought to have or maintain her aforesaid action against it."

While there are some cases which are in line with the contention of the petitioner, the great weight of authority is to the contrary. Without the inclusion of an incontestability clause such as was included in this policy, undoubtedly an insurance company may defend a claim based upon the policy upon the ground that the insured came to his death by suicide while sane or intentional, or that the insured came to his death by public execution under the law or while a fleeing felon, or while engaged in some felonious act, but when the incontestability clause is included in the contract of insurance, as in this case, the insurer voluntarily estops itself from setting up as a defense such facts or conditions as are not reserved to its benefit by such incontestability clause. Clause 7 of the policy constitutes no ground of defense here because the plea in terms shows that the insured did not come to his death by *resisting* the law or legal authorities but he came to his death by submitting to the execution of the law.

In the case of Supreme Lodge, Knights of Pythias, v. Overton, 103 Ala. 196, 82 Sou. 443, the Supreme Court of Alabama said:

"The contract sued on in this case and in the two cases cited above were not on their faces void. No one of them on its face was against public policy or good morals, but perfectly valid and binding as any other contract of in-

surance. The attempted defense is each case was to show that the death or cause of death was not within the contract of insurance. This may be true, but the trouble with the defense is that the defendant for a consideration had agreed in advance not to contest its liability on any ground other than those specified in the contract, none of which were attempted to be set up. The court will not now hear the insurer attempt to set up defenses and contest payment on grounds which it had, for a consideration and which induced the contract, agreed not to so defend or contest.

"The decision is not that suicide while sane or intentional, or death by public execution or while a fleeing felon, is not a defense to an action on an insurance policy; but the decision is that by a valid contract the insurer has estopped himself from setting up these as well as any other defenses except those mentioned in the contract. The court will not presume that such defenses exist, and the party has estopped himself from alleging or proving it."

To the same effect is the opinion in the case of United Order G. C. v. Overton, 103 Ala. 235, 83 Sou. 59, and in Stein v. Occidental Life Insurance Co., 24 New Mexico 346, 171 Pac. 786. See also *Ex Parte* Weil, 201 Ala. 409, 78 Sou. 528; United Order G. C. v. Overton, 203 Ala. 335, 83 Sou. 59; Weeks v. N. Y. Life Ins. Co. 128 S. C. 223, 122 S. E. 586; Sandel v. Philadelphia L. Ins. Co. 128 S. C. 239, 122 S. E. 591; American N. Ins. Co. v. Coates, 112 Tex. 267, 246 S. W. 356; Murphy v. Metropolitan L. Ins. Co., 28 Ga. App. 71, 110 S. E. 311; Fields v. Metropolitan L. Ins. Co. 147 Tenn. 464, 249 S. W. 798; Groover v. Simmons, 152 Ga. 423, 110 S. W. 179; Sun L. Ins. Co. v. Taylor, 108 Ky. 408, 56 S. W. 668; Collins v. Metropolitan L. Ins. Co., 232 Ill. 37, 83 N. E. 542; Supreme Lodge K. P.

v. Overton, 203 Ala. 196, 82 Sou. 433; Metropolitan v. Peeler, 71 Okla. 238, 176 Pac. 939.

The writ of certiorari should be quashed and it is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., not participating because of illness.