201 So.2d 449 (1967)
VALLEY FORGE LIFE INSURANCE COMPANY, a Pennsylvania Corporation, Petitioner,
v.
Lula LAWRENCE, As Administratrix of the Estate of Bobby Simon, a/k/a Linton Terrell, Deceased, Respondent.
No. 36327.
Supreme Court of Florida.
July 19, 1967.
*450 Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for petitioner.
Mayes, Sutton & Russo and J. Klein Wigginton, of Parker, Foster & Madigan, Tallahassee, Coral Gables, for respondent.
THOMAS, Acting Chief Justice.
This cause is being heard on petition for certiorari under Appellate Rule 4.5, subd. c (6), 31 F.S.A. and based on a certificate of the District Court of Appeal, Third District, that that court had passed upon "a question of great public interest," id est, by refusing to invalidate, on the ground of public policy, a life insurance policy though the insured was killed by a person upon whom the insured was perpetrating a violent felony, namely, armed robbery.
The District Court of Appeal recited in its opinion that although the deceased was a participant in a group policy, and signed the policy, no beneficiary was designated and, furthermore the insurance contract contained no provision excluding coverage for death occurring during the commission of a felony.
The administratrix brought suit against the insurance company, petitioner here, and was awarded a summary judgment. Embedded in the affirmance of that judgment was the question now certified to this court.
We adhere to the conclusion of the District Court of Appeal that public policy does not deprive the administratrix of the right of recovery. In the first place the petitioner could have placed an exclusionary clause in the insurance contract, but did not. In the second place, we fail to see how the voidance of the policy would be a deterrent to crime. Certainly there would be no penalty to the policy holder for he is now dead. The penalty of voiding the policy would fall upon dependents and creditors who, so far as this court knows, were innocent of any participation in the robbery the insured attempted to perpetrate. Moreover, there is no showing in the record that the insurance was obtained in contemplation of commission of crime. Home State Life Insurance Co. v. Russell, 175 Okla. 492, 53 P.2d 562 (1936). See also the cases collected in 23 A.L.R.2d at page 1105.
The petitioner found comfort in Afro-American Life Insurance Co. v. Jones, 113 Fla. 158, 151 So. 405 (1933), in which there is present language that would appear to support its position. However, petitioner, itself, in its brief, denominates as obiter dicta the language in that opinion which is somewhat relevant to the present issue.
So choose as we must between the two theories expounded by the litigants, we take the view that the respondent should prevail; that no violation of public policy is involved; that the judgment of the trial court and the decision of the District Court of Appeal should not be disturbed.
ROBERTS, DREW, THORNAL and BARNS (Retired), JJ., concur.