AMERICAN MUT. BENEFIT ASS'N v. JOSHUA. (No. 5951.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1918.)

INSURANCE ⊜⟀443—MUTUAL BENEFIT ASSOCIATIONS — POLICY — CONSTRUCTION — "BUSINESS."

Clause in mutual benefit policy, avoiding liability for death if insured was killed while engaged in any illegal business, does not release from liability, where insured was shot while resisting arrest or attempting to escape from an officer; the word "business" meaning occupation or calling, and not the same as the words "caused by unlawful act," or "while engaged in violation of law," which terms are customari-

ly employed in policies, and the attempted escape having no. connection with insured's calling.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business.]

Appeal from Bexar County Court; John H. Clark, Judge.

Action by Lucy Joshua against the American Mutual Benefit Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Chambers & Watson, of San Antonio, for appellant. T. H. Ridgeway and James F. Boyls, both of San Antonio, for appellee.

MOURSUND, J. Lucy Joshua sued the American Mutual Benefit Association on two certificates upon the life of Arthur Jones, aggregating $470, in each of which she was named as beneficiary. Defendant pleaded that plaintiff could not recover on account of clause 7 in each certificate, reading as follows:

"If within three years from date hereof the principal shall die by his or her own acts, whether sane or insane, or in consequence of or while engaged in any illegal business, the liability of the association shall not exceed the amount of the premiums paid."

In this connection defendant pleaded that Jones was a convict, and was shot and killed while trying to escape or resisting arrest, or while attempting to kill one George Allen, who was trying to retake said Jones; that the death of Jones was caused by his own illegal acts, and while engaged in illegal and unlawful business, and in consequence of his own act, and in attempting to kill Allen; that these acts were in violation of said clause 7, as three years had not elapsed. Defendant tendered $17.05, the amount of premiums paid on the certificates.

The court rendered judgment for plaintiff.

Clause 7 of the certificates, by the use of the language "shall die by his or her own acts," clearly provides against suicide, and the evidence fails to show that Jones committed suicide. For many years policies have been written with provisions exempting the insurer in case death is caused by an "unlawful act" or "while engaged in violation of law." The appellant did not elect to use these time-honored terms but, for the first time, as far as we have found, used the expression "illegal business"; and, as the language must be strictly construed against the insurer, we conclude that the language "or in consequence of or while engaged in any illegal business" cannot be construed to mean that, if Jones at the time of his death was doing an unlawful act, his beneficiary could not recover. The word "business" means occupation or calling, and the unlawful act had no connection with any occupation or calling engaged in by Jones.

Appellee also relies upon article 4742, Vernon's Sayles' Statutes, as preventing appellant from urging a defense based on the violation of the condition with regard to engaging in illegal business; but, as we have held that there is no merit in the contention of appellant as to the meaning of the provision, it becomes unnecessary to determine the effect of the statute relied upon by appellee.

The judgment is affirmed.