PEARSON, Judge.
The plaintiff’s decedent was covered under a group life insurance policy. The policy contained no express “violation of law” clause which would exclude coverage for death incurred during the commission of a felony. Although the decedent had signed the policy, he did not designate any beneficiary. While the policy was in effect, the decedent died from gunshot wounds inflicted by his victim while decedent was actively engaged in the commission of an armed robbery.
The appellee, as administratix of the estate of the insured, brought an action on the policy. The court entered a summary final judgment for the appellee, and the defendant has appealed.
On this appeal the only point argued is that the public policy of the State of Florida precludes recovery by the estate of an in-_sured decedent on a group life insurance policy where the insured’s death was a direct result of his commission of a violent felony. The appellant has been unable to furnish us with any holding of a Florida court which supports his point on appeal. While the Florida appellate courts have not been presented with the instant problem, other jurisdictions have seen fit to reject the theory propounded by the appellant. See Mutual Life Ins. Co. of New York v. Guller, 68 Ind.App. 544, 119 N.E. 173 (1918); American Mut. Ben. Ass’n v. Joshua, Tex.Civ.App.1918, 200 S.W. 260; Domico v. Metropolitan Life Ins. Co., 191 Minn. 215, 253 N.W. 538 (1934); Home State Life Ins. Co. v. Russell, 175 Okl. 492, 53 P.2d 562 (1936); Payne v. Louisiana Industrial Life Ins. Co., La.App.1948, 33 So.2d 444; see other cases cited at 23 A.L.R.2d 1108. Some courts have held that payment in this situation violates public policy. See De-Mello v. John Hancock Mut. Life Ins. Co., 281 Mass. 190, 183 N.E. 255 (1932); United Order of the Golden Cross v. Overton, 203 Ala. 335, 83 So. 59, 13 A.L.R. 672 (1919); see other cases cited at 23 A.L.R.2d 1106.
We think that the better-reasoned opinions refuse to imply the restriction sought by the appellant. There is no doubt that the public policy of any civilized state is against the commission of crimes, but it is difficult to find a causal connection between the commission of a crime and the payment of the proceeds of an insurance policy. If the possibility of death did not deter the criminal surely the failure of benefits to his creditors and other loved ones will not. See the reasoning in Weeks v. New York Life Ins. Co., 1924, 128 S.C. 223, 122 S.E. 586, 35 A.L.R. 1482.
The appellee might argue, although we must admit she did not, that to imply such a clause is against the public policy since it can deprive widows and orphans of support, and could often lead to the necessity for state welfare.
The insurance company had the opportunity to place an exclusionary clause into the contract and failed to do so. We hold that where there is no provision concerning “violation of law”, and where the policy was not obtained in contemplation of such violation, that payment of life insurance benefits to the estate of the deceased is not against public policy.
*761 Appellant also contends that there is a distinction between claims asserted by the decedent’s estate and claims asserted by beneficiaries under the policy. Some states have applied this reasoning, but we find no persuasive arguments for drawing such a distinction.
Affirmed.