(82 South. 443)

## SUPREME LODGE OF KNIGHTS OF PYTHIAS v. OVERTON. (8 Div. 146.)

(Supreme Court of Alabama. April 17, 1919. Rehearing Denied May 22, 1919.)

INSURANCE ⬡➝400 — LIFE INSURANCE — INCONTESTABLE CLAUSE—ESTOPPEL AS TO DEFENSE.

An insurer which issues a life policy containing an "incontestable clause" is estopped to set up the special defense that insured was a felon sentenced to death, and was killed while attempting to escape imprisonment and execution, a ground of contest of liability not specified in the contract of insurance.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by Sallie N. Overton against the Supreme Lodge of the Knights of Pythias. From judgment for plaintiff, defendant appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant. Cooper & Cooper, of Huntsville, for appellee.

MAYFIELD, J. The only question presented for review on this appeal is whether or not the insurer should be allowed to defend an action on an insurance policy which contains an "incontestable clause" by setting up as special defenses that the insured was a felon sentenced to death, and was killed while attempting to escape imprisonment and execution.

This decision must be ruled by the recent decisions of this court in the cases of Ex parte Weil, 201 Ala. 409, 78 South. 528, and Mutual Ins. Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860.

In one of the above-cited cases the defense of suicide by the insured was held not to be availing, and in the other, where the insured was publicly executed by hanging, was likewise not availing as a defense to an action on life insurance policies which contained the usual incontestable clause.

The defense that the insured was killed as an escaping felon, under death sentence, is likewise unavailing as a defense against an insurance contract containing an incontestable clause.

We do not decide, as said in Weil's Case, that a contract to insure against such risks would not be against public policy, and therefore void; but we do decide that an incontestable clause in life insurance policies is valid and binding and not against public policy, and that, nothing appearing to render such clauses void, they will be enforced by the courts; and they cannot be enforced if such defenses as above stated may be set

up to defeat the policy. Such defenses, as well as any other, would absolutely defeat the cause in question, and render the policy no better than if it contained no such clause.

The contract sued on in this case and in the two cases cited above were not on their faces void. No one of them on its face was against public policy or good morals, but perfectly valid and binding as any other contract of insurance. The attempted defense in each case was to show that the death or cause of death was not within the contract of insurance. This may be true, but the trouble with the defense is that the defendant for a consideration had agreed in advance not to contest its liability on any ground other than those specified in the contract, none of which were attempted to be set up. The court will not now hear the insurer attempt to set up defenses and contest payment on grounds which it has, for a consideration and which induced the contract, agreed not to so defend or contest.

The decision is not that suicide while sane or intentional, or death by public execution or while a fleeing felon, is not a defense to an action on an insurance policy; but the decision is that by a valid contract the insurer has estopped himself from setting up these as well as any other defenses except those mentioned in the contract. The court will not presume that such defenses exist, and the party has estopped himself from alleging or proving it.

If a plea should allege that there was no contract of insurance because it was void in its inception, being against public policy, as an attempt to violate or evade the law, then a different question would be presented that would attack the incontestable clause as well as all other provisions of the policy. The effect of such a plea would be to show there was never any contract of insurance.

No such case or issue was attempted in either of the cases cited or the one now under consideration. There is nothing to show that the insured or insurer ever contemplated that death would result in the mode or by the cause attempted to be set up. Hence, so far as appears, the contract was perfectly valid and binding, unless breached in the mode attempted to be set up in the pleas, and the parties had agreed that the contract should not be contested on these grounds, not that the insurer should pay, even though death did result from the causes attempted to be set up in the pleas.

The court merely approves the contract, and holds the party estopped from litigating those questions, not that if the facts did exist the insurer would be liable.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.