(83 South. 591)

MUTUAL LIFE INS. CO. OF NEW YORK v. LOVEJOY. (3 Div. 387.)

(Supreme Court of Alabama. June 26, 1919. On Rehearing, Oct. 30, 1919.)

1. INSURANCE ☞365(1)—REINSTATEMENT REVIVES OLD POLICY AND DOES NOT CREATE NEW ONE.

In view of Code 1907, § 4579, where life policy gave insured the right to have policy reinstated after default in payment of premium, by performance of specified conditions, the effect of reinstatement after compliance with such conditions was to continue in force the original policy and not to create a new policy.

2. PLEADING ☞34(1)—PLEAS, REPLICATIONS, AND REJOINDERS TO BE CONSTRUED WITH REFERENCE TO COMPLAINT.

The pleas, replications, and rejoinders must be construed with reference to the complaint and writings made parts thereof.

3. INSURANCE ☞400—POLICY NOT VOID BECAUSE OF SUICIDE WITHIN ONE YEAR AFTER REINSTATEMENT WHERE INCONTESTABLE AT TIME OF REINSTATEMENT.

Where policy stipulated that it should be incontestable upon a lapse of two years from date of issue, insured's death by suicide more than two years after execution of the policy, but within one year of reinstatement under provision of policy giving insured right of reinstatement after default in payment of premium upon performance of certain conditions, did not invalidate policy, though application for reinstatement specified that policy should be void if insured committed suicide within one year from reinstatement, since reinstatement merely gave binding force to original policy which was incontestable at time of suicide, and since such provision in application for reinstatement was without consideration, insured having been given right by original policy to have policy reinstated upon performance of certain conditions.

On Rehearing.

4. INSURANCE ☞365(1)—RIGHT TO REINSTATEMENT MAY BE WAIVED.

Insured may waive right to reinstatement given him by original policy and contract for a new policy with different conditions.

5. INSURANCE ☞365(2)—MEANING OF AGREEMENT TO "REINSTATE."

Under provision of life policy whereby insurer agrees to "reinstate" policy following default in payment of premium upon performance of certain conditions, insurer has no right to exact other conditions precedent or subsequent to reinstatement, the agreement to "reinstate" not being an agreement to reinsure under another and different contract, but implying the right of insured to be placed in the same condition that he occupied before forfeiture, and the duty on the part of insurer is to place insured in that condition upon his compliance with the conditions stated in original policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reinstate.]

6. INSURANCE ☞370—REINSTATEMENT COMPELLED BY BILL IN EQUITY UPON INSURED'S COMPLIANCE WITH SPECIFIED CONDITIONS.

Where policy gave insured the right to reinstatement following default in payment of premium upon performance of specified conditions, insured, upon performance of such conditions, could by bill in equity compel reinstatement of policy as it was before default.

7. INSURANCE ☞365(2)—NO CONDITIONS TO REINSTATEMENT OTHER THAN THOSE SPECIFIED IN CONTRACT UNLESS SUPPORTED BY CONSIDERATION.

Insurer has no right to impose or add conditions other than those contained in the con-

tract to the right of reinstatement, unless supported by consideration.

Anderson, C. J., and Gardner, J., dissenting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by T. E. Lovejoy, as administrator of the estate of W. C. Lovejoy, against the Mutual Life Insurance Company of New York on a life insurance policy. Judgment for plaintiff, and defendant appeals. Affirmed.

There was but one count which declared upon the policy, setting the same out in full.

The following is the reinstatement clause of the policy:

Unless it shall have been surrendered for its cash value, this policy may be reinstated at any time within three years from date of default in payment of any premium, upon evidence of insurability satisfactory to the company and upon payment of the arrears of premiums with interest thereon at the rate of five per centum and at the option of the insured either (a) upon payment in cash to the company of any indebtedness which existed at said date of default together with interest thereon at the above rate, or (b) upon reinstatement of such indebtedness increased by the amount of tax interest thereon at the above rate, provided such reinstated increased indebtedness does not exceed the loan value at the date of which reinstatement is made.

The incontestability clause was as follows:

This policy shall be incontestable except for nonpayment of premiums, provided two years shall have elapsed from its date of issue.

The policy was issued March 2, 1912. There was default in the payment of the premium due March 2, 1914, and on April 20th insured executed the following application for reinstatement:

I, the undersigned, Welcome E. Lovejoy, the person upon whose application the Mutual Life Insurance Company of New York issued policy No. 1968645—7 dated March 2, 1912, for $2,500.00 on the T. W. plan with a year distribution hereby request the said company to accept the premium of $48.83 es. and the interest of $—— on loan, on said policy, due March 2, 1914, with interest thereon to date and payment, and to establish said policy in full force and effect, it being understood and agreed that such placing in force shall not take effect until this application shall have been finally approved at the said company's home office in New York City, nor until said premium and interest have been paid.

I was born on the 16 day of Sept. 1877.

My P. O. address is (street and number, town and state) Birmingham, Alabama.

My place of business is (street and number, town and state) same.

My present occupation is stocks and bonds.

And I, the undersigned, hereby certify that I am the person insured under said policy and ratify and confirm all the statements made in the application upon which said policy was issued and warrant that I am and have been of temperate habits, and that since the date of the original application for said policy, except as noted below, my health is and has been good, and has remained unimpaired at all times, that I have not consulted or been treated by a physician or been declined by any life insurance company or association since that date, and that my family record has remained unchanged since that date. (Exceptions noted below.)

If no exceptions are noted it shall be understood as a statement by the applicant that there are no exceptions.

No exceptions beyond death of brother at age of 25, death due to appendicitis.

In consideration of the placing in force of the said policy, I, the undersigned applicant, agree for myself and all persons having any interest in said policy, that the said company shall not be liable under the said policy for any amount in any of the following cases:

1. If I shall die by my own hand or act, whether sane or insane, within one year from the date of such placing in force.

2. If any of the statements made in this application or to the company's medical examiner for such placing in force shall be in any respect untrue, and provided that in such case my death shall occur within two years from the date of such placing in force.

3. If within one year from the date of such placing in force, I shall engage in any extrahazardous occupation or employments mentioned in my original application for said policy.

W. C. Lovejoy.

(Signature in full of the applicant, who must sign in the presence of the medical examiner.)

I certify that the above statements were read, approved and signed by the applicant, in my presence at Birmingham, state of Alabama, on the 20th day of April, 1914.

James McLester, M. D.

(Medical Blank on Reverse Side.)

On May 14th the company made a loan to insured secured by the policy sued on, and on that same day premium was paid to reinstate the policy, and on May 20th notice was addressed to insured that his application for reinstatement had been issued and attached to the policy.

These things all appear from the agreed statement of facts, and it appears therefrom that on August 25, 1914, said Welcome C. Lovejoy committed suicide. The other facts sufficiently appear from the opinion.

Steiner, Crum & Weil, of Montgomery, for appellant. The court had no right by instructions to the jury to change the issues or mitigate the requirements its pleadings. 173 Ala. 674, 55 South. 886; 35 Mo. 452. The right to reinstate was not an absolute right, but only a privilege to be exercised, and was made dependent upon the judgment of the Insurance Company, 198 Ala. 363, 73 South. 535; 197 Ala. 76, 72 South. 352; 13 Corpus Juris, 75. The reinstatement application bound the insured not to commit suicide not

within two years thereof. 71 Ala. 447; 99 Ala. 620, 13 South. 118; 166 Ala. 174, 52 South. 45; 145 Ala. 616, 40 South. 126.

Ball & Beckwith, of Montgomery, for appellee. The cause should be affirmed on the authority of Mutual Life Insurance Co. v. Lovejoy, 78 South. 299, L. R. A. 1918D, 860. Compliance with the conditions gave insured the absolute right to reinstatement. 94 Mo. App. 442, 68 S. W. 369; 38 N. J. Eq. 72; 47 Hun, 338; 76 Hun, 522, 28 N. Y. Supp. 119; 3 Cooley's Briefs, 2395; 84 Ill. 304. The reinstatement canceled the forfeiture, leaving the original contract in force. 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473; 84 Iowa, 734, 50 N. W. 29; 111 N. C. 391, 16 S. E. 427; 80 Ala. 565, 1 South. 38; 93 U. S. 24, 23 L. Ed. 789; 1 Cooley's Briefs, 100; 3 Id. 2405. The suicide was no defense to the policy. Section 4579, Code 1907; 156 Ala. 592, 47 South. 72; 42 Hun, 245; 24 Ill. App. 357.

MAYFIELD, J. This is the second appeal in this case. See report of case on former appeal, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860, for statement of case.

The record on this appeal differs from that on the former to the extent that the agreement in the application for reinstatement is now shown to be a part of the policy in such manner and form as to meet the requirements of section 4579 of the Code, as construed in Gee's Case, 171 Ala. 435, 55 South. 166; Satterfield's Case, 171 Ala. 429, 55 South. 200; and Allen's Case, 174 Ala. 511, 56 South. 568.

[1] The reinstatement of the policy or contract of insurance did not have the effect of creating a new contract of insurance, dating from the time of the renewal. It had the effect only of continuing in force the original contract of insurance, which would, under its terms, have terminated and become void if it had not been reinstated in the manner and within the time provided in the original contract.

This right to renew, or to reinstate the original contract, after a breach of some of the conditions by the insured—that is, a failure to pay premiums at times named—was a part of the original contract, and, after it was so renewed or reinstated in accordance with the original contract of insurance, the original contract was binding and of force as to each party just as if there had never been a breach, a renewal, or reinstatement. The original policy then stood as if there had never been a failure to pay to any of the premiums when due, or any cause for forfeiture of the original.

On the former appeal, we declined to follow that line of cases which treat a renewal or reinstatement of a contract after breach as a new contract and a forfeiture of the original. We approve and follow the line of cases which hold that the renewal or reinstatement is a mere continuance of the old or original contract which, but for the renewal or reinstatement, would have been forfeited and void. Silliman v. Ins. Co., 131 Tenn. 303, 174 S. W. 1131, L. R. A. 1915F, 707, and note, which cites and reviews many cases. Of course, the facts and circumstances in each case are somewhat different, the terms of the original policies were different in many of the cases, and so were the provisions as to renewals or reinstatement.

Under the facts and circumstances of this case, we hold that the policy in force when the insured died was, in effect, the original policy made with the insurance company, and the time intervening between the making of the contract and the death of insured is the time from the date of the original policy to the date of his death.

[2] The insurance company pleaded several special pleas, setting up the suicide clause of the policy of insurance—to which plaintiff replied setting up the nonforfeiture clause. To these replications defendant attempted to rejoin by stating its conclusions as to the legal effect of the application for renewal or reinstatement, and of the acceptance by defendant of the application. The pleas, replications, and rejoinders must be construed in reference to the complaint, the insurance policy, the application, and renewal, which were made parts thereof. So construing them, the trial court ruled correctly as to the demurrer thereto, and as to instructions to the jury. To these special rejoinders the court sustained demurrers. The trial was had on an agreed statement of facts, and resulted in judgment for plaintiff, and defendant prosecutes this appeal.

It would serve no good purpose to again discuss the questions raised on this appeal. The main question, and the one which controls the rights and liabilities of the parties, viz., the effect of the nonforfeiture clause of the contract of insurance, has been several times considered by this court, and has been decided both ways. There has been and is now a difference of opinion among the justices of this court on the question, as may be seen from the opinions in this case on former appeal. 201 Ala. 337, 78 South. 299 et seq., L. R. A. 1918D, 860.

[3] This court has since that decision reaffirmed and followed the rules of law and construction in the majority opinion on that appeal, and we are not yet convinced of its error, and again adhere to it. It may not be out of place, however, to here repeat in part what we hold:

"Without either affirming or denying that suicide while sane is a crime, or that it is not within the risk of a life insurance policy unless expressly so provided, or that, if so provided, the provision would be void as against public policy, we hold that the object and effect of the incontestable clause is to prevent any

such questions from arising, or being set up by the insurer as a defense to an action on the contract, after the death of the insured. We fail to see why such a clause or provision is not valid, or why the courts should not enforce it. We cannot presume, in the absence of proof, that either party to the contract intended to violate the law, or to make a contract against public policy. If parties to an insurance contract or any other contract should attempt to incorporate a provision in violation of a statute or against public policy, the attempt would fail; the contract would be void, and would not be enforced by the courts. The contract of insurance here sued upon, on its face shows no such attempt on the part of either party."

The cases following the above rule are Ex parte Weil, 201 Ala. 409, 78 South. 528; Knights of Pythias v. Overton, ante, p. 193, 82 South. 443.

Affirmed.

McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

ANDERSON, C. J., and GARDNER, J., dissent, relying on opinion on former appeal.

On Rehearing.

MAYFIELD, J. The writer was in error in saying in the opinion that this was the second appeal in this case. The report of the case in 78 South. 299, L. R. A. 1918D, 860,[1] was between the same parties, but was on a different policy. The only excuse the writer has to offer is that the policies in the two cases are as near alike as if one were a copy of the other. The parties are the same, and the policies were issued on the same date, for the same amount, were forfeited the same day, reinstated the same day, and the same attorneys appeared for the respective parties in the same court; hence it never occurred to the writer that the cases were not the same, The writer compared the original record on the former appeal with the one on this appeal, and, finding the above similarities, he concluded it was a second appeal in the same case. This mistake led to another of referring to some pleas and subsequent pleadings on the former appeal, not in the record on this appeal.

The real questions of law involved in the two appeals are however, the same, except as pointed out and decided on the original hearing.

On the former appeal we held that the application for reinstatement was not made a part of the policy in such sense as to authorize us to consider it as a part of the contract. On this appeal we held that it was so made a part thereof, and we did consider it as a part of it, but declined to hold with appellant that the insured or beneficiary was bound by the stipulations contained in the

[1] 201 Ala. 337.

application, that the insurer should not be liable if the "insured should die by his own hand or act whether sane or insane, within one year from the date of such placing in force."

It appears without dispute, except as conclusions of the pleader, that there was no consideration to support this condition.

The original policy, on which the action was brought and which was reinstated, gave the insured the right to have it reinstated without the above condition, and the condition together with others were on printed forms or blanks furnished by the company, and there was absolutely no consideration to support the new agreement; but it was the intention and contract right of the insured under the original contract of insurance, which is here sued on, that the policy should be reinstated on certain conditions which were complied with, and the original policy thus reinstated. It is certain that the contract was to reinstate the original, not to make a new contract, or amend or change the old; and that the rights and liabilities of both parties after the renewal or reinstatement should be the same as if there never had been a forfeiture. The rights and liabilities of the parties dated from the time of the original contract, and not from the time of the renewal—as the conditions in the application for renewal would indicate, or would follow if they were binding.

If these conditions contained in the application for renewal are binding, then the original contract and the renewal contract set up by the defendant contain conflicting provisions. In other words, if the original policy as it was written is the contract which controls, then the incontestable clause precludes any defense here attempted to be set up. On the other hand, if the original policy is changed by having the conditions contained in the application made a part thereof, then the incontestable clause is either wholly avoided, or its operation and effect postponed for two years. If the conditions in the application are a part of the policy, then the policy contains conflicting provisions, and, if the conditions are to be enforced, then there can be no recovery; if the pleas are true, then the replications setting up the incontestable clause would be no answer to the pleas. On the other hand, if they are not binding, so as to become a part of the policy, then the incontestable clause is in force and precludes any defense here attempted to be set up. The right to reinstatement is a part of the original policy, and was binding on the insurance company when the forfeiture occurred and when the reinstatement occurred. The insurance company certainly had no right, under the original contract, to require that the policy should be reinstated only on the conditions contained in the blank application which the insured signed.

[4] It is true the insured could have waived his right to reinstatement, and could have contracted for a new policy with different conditions, and could have waived benefits in the original policy; but did he do this? Did he not exercise his right under the original policy to have it reinstated as it was originally, and not to make a new contract as the insurance company now insists? We are unable to find any consideration to support these conditions in the blank application for reinstatement, and for this reason we hold they are not binding.

[5] The clause of the contract to "reinstate" does not mean to reinsure under another and different contract; it implies the right of the insured to be placed in the same condition that he occupied before the forfeiture, and it implies the duty on the part of the insurer to place the insured in that condition, and it allows no right to exact other conditions, precedent or subsequent, to reinstatement. Lovick v. Providence Life Ass'n, 110 N. C. 93, 14 S. E. 506, 507; Goodwin v. Assur. Ass'n, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411.

[6] The insured had the legal right to have his policy reinstated after forfeiture without any additional consideration, within the time specified in the policy, if the insured paid or offered to pay the premiums and the accrued interest, and to furnish evidence satisfactory to the company of his insurability. This he did. The insured having done all that was required of him, he could have compelled, by a bill in equity, the reinstatement of his policy as it was. Bradbury v. Mutual Reserve Fund Life Co., 53 N. J. Eq. 306, 31 Atl. 775. It has been held that where the insured fully performed his part of the contract as to reinstatement after forfeiture, and the insurance company declined to reinstate, or to accept the offer, the beneficiary could recover on death of insured as if the contract had been reinstated. Van Houten v. Pine, 38 N. J. Eq. 72.

[7] The contract in question was not for a year, with privilege to renew; it was for life, with right of reinstatement if forfeited. The contract is an entirety, subject, of course, to forfeiture or discontinuance for failure to pay premiums. Fearn v. Ward, 80 Ala. 555, 2 South. 114. The insurer has no right to impose or add other conditions to the right of reinstatement than those contained in the contract. Biddle on Ins. vol. 2, p. 1122; Davidson v. People's Ben. Ass'n, 39 Minn. 303, 39 N. W. 803, 1 L. R. A. 482. If other conditions are so added by the insurer, they are not binding on the insured unless supported by a consideration. 9 Cyc. 593; Rowell v. Covenant Mut. Life Ass'n, 84 Ill. App. 304.

It follows that the application for rehearing must be overruled.