(83 South. 59)

UNITED ORDER OF THE GOLDEN CROSS v. OVERTON. (8 Div. 192.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

1. INSURANCE ⬦⬦443—POLICY AVOIDED WHEN DEATH OCCURRED THROUGH VIOLATION OF LAW.

Where insured was convicted and sentenced to hang for murder, and pending appeal escaped from jail and was killed by officers when committing a felonious assault upon them with a deadly weapon, a contract of insurance upon his life was thereby avoided.

2. INSURANCE ⬦⬦400 — INCONTESTABILITY CLAUSE NOT ASSURANCE AGAINST RESULTS OF CRIME.

A stipulation in a life insurance policy that it shall "be incontestable except for nonpayment of premiums, provided two years shall have elapsed from its date of issue," is valid, and will be enforced in an action on the policy, but such a clause constitutes, not an assurance against the results of crime, but an assurance against the hazard of litigation.

3. PLEADING ⬦⬦34(3)—IN ACTION ON POLICY "INCONTESTABLE CLAUSE" SHOULD BE SET UP BY REPLY.

In an action on a life policy, where neither the complaint nor pleas brought the terms of the policy to the notice of the court, the court, in ruling upon the sufficiency of the pleas, could not assume that the policy contained an "incontestable clause"; that being a matter which should be brought forward by special replication to the pleas, and not by demurrer.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by Sallie N. Overton against the United Order of the Golden Cross. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. H. Powers, of Boston, Mass., and A. A. Williams, of Florence, for appellant.

R. E. Smith, of Huntsville, for appellee.

SAYRE, J. [1] Action on a policy of life insurance. Special pleas allege in substance that the insured was indicted, tried, convicted, and sentenced to hang for the crime of murder, that pending an appeal he escaped

from jail, and that, when officers of the law undertook to arrest him, he committed a felonious assault upon them with a deadly weapon, whereupon the said officers killed him in self-defense. The proposition of this appeal is that the death of the insured under the circumstances alleged was not a risk covered by the policy, that when the insured violated the criminal law, and in so doing met his death, he violated and avoided his contract of insurance. The authorities support the proposition of the pleas. Supreme Commandery v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332; Burt v. Union Central Life Insurance Co., 187 U. S. 362, 23 Sup. Ct. 139, 47 L. Ed. 216; Ritter v. Mutual Life Insurance Co., 169 U. S. 139, 18 Sup. Ct. 300, 42 L. Ed. 693. It follows that the trial court committed error in sustaining the demurrers to the pleas under consideration.

[2, 3] The demurrers took the point, in effect, that the pleas failed to allege that the risk of the death of the insured under the circumstances shown was by the policy excepted from the rule of the cases, supra. We have held that a stipulation in a policy of life insurance to this effect, "This policy shall be incontestable except for nonpayment of premiums, provided two years shall have elapsed from its date of issue," is a valid stipulation, and will be enforced in an action on the policy; that such a clause constitutes, not an assurance against the results of crime, but an assurance against the hazard of litigation. Mutual Life Insurance Co. v. Lovejoy, 78 South. 299, L. R. A. 1918D, 860;[1] Supreme Lodge, Knights of Pythias, v. Overton, 82 South. 443.[2] But the pleading in the present case did not invoke the rule of those cases. Neither the complaint nor the pleas brought the terms of the policy to the notice of the court. The court, in ruling upon the sufficiency of the pleas, could not assume that the policy contained an "incontestable clause." If there was in fact such a clause, it should have been brought forward by special replication to the pleas.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.