**LEE v. SOUTHERN LIFE & HEALTH INS. CO.   (6 Div. 266.)**

(Court of Appeals of Alabama.   Oct. 30, 1923. Rehearing Denied Jan. 15, 1924.)

**1. Insurance ☞219—Assignee of nonnegotiable policy occupies shoes of assignor.**

The assignee of a transferable but nonnegotiable life insurance policy occupies, in action thereon, the shoes of assignor, with identical rights and subject to the same defenses.

**2. Insurance ☞400—That beneficiary murdered insured no defense where policy contained incontestable clause.**

Where life insurance policy has been in force for more than one year and has a clause making it incontestable after one year, except for fraud or misstatement of age and risk of beneficiary murdering insured is not excepted therein, it is no defense to an action on the policy that beneficiary murdered insured.

**3. Insurance ☞146(1) — Contract construed as a whole.**

A contract of insurance must be construed as a whole.

**4. Insurance ☞400—Incontestable clause does not exclude defense based on exception from risk.**

Where a policy excepted death resulting from a malicious act of the beneficiary from the risk covered, an incontestable clause did not

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 322.

exclude the defense that the beneficiary murdered insured. .

**5. Insurance ☞400—Incontestable clause does not prevent forfeiture for nonpayment of premium.**

The clause in a life insurance policy forfeiting it for nonpayment of premium is not affected. by clause .making .policy incontestable after one year from date of issue, except for fraud and misstatement of age.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action on a policy of life insurance by Ida Lee against the Southern Life & Health Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded. ,

Defendant interposed the following plea:

"(1) For answer to said complaint this defendant says that the plaintiff is not entitled to recover in this case for that the policy of insurance sued on was issued by this defendant on the life of one Nellie Wallace, and that the beneficiary named in said policy was one Ernest Wallace, the husband of the insured. This defendant further avers that on, to wit, February 11, 1922, said beneficiary unlawfully, intentionally, and feloniously took the life of the insured, Nellie Wallace, and that thereafter said beneficiary assigned or attempted to assign said policy to the plaintiff herein, and that the only title or interest in said policy which plaintiff had at the institution of this suit was by virtue of such assignment.

"(2) For further answer to this complaint this defendant says that plaintiff is not entitled to recover on the insurance policy sued on for that the plaintiff is the assignee of the beneficiary named in the said policy, and that the policy was issued on the life of one Nellie Wallace, and that said Nellie Wallace was murdered by said beneficiary, and that thereafter said beneficiary assigned or attempted to assign said policy to the plaintiff herein, and that the only title or interest in said policy which plaintiff had at the institution of this suit was by virtue of such assignment.

"(3) For further answer to this complaint this defendant says that the policy sued on contains the following provision: 'No benefits shall be paid for death caused, received or resulting from actions violating the law, or from malicious acts of the insured, or beneficiary.' This defendant further avers that the insured under such policy came to her death as a result of the malicious act of 'the beneficiary named in said policy, and that thereafter said beneficiary assigned or attempted to assign said policy to the plaintiff herein, and that the only title or interest in said policy which plaintiff had at the institution of this suit was by virtue of such assignment. Wherefore this plaintiff ought not to recover in this suit.

"(4) For further answer to this complaint this defendant says that the policy sued on contains the following provision: 'If any premium shall not be paid when due, this policy shall be void.' And also the following provision: 'Grace Period. A grace of four weeks shall be granted for the payment of every premium after the first during which time the insurance shall continue in force.'

"This defendant further avers that this policy was paid up to, to wit, December 5, 1921, and that since such date no premium has been paid, and that on, to wit, February 11, 1922, insured met her death. Wherefore said policy had become void on account of default in pay-ment of premiums, and that said policy had lapsed due to such default in payment of premiums, prior to the death of the insured. Hence this plaintiff ought not to recover in this suit."

To which pleas plaintiff replied as follows:

"(1) She denies all the allegations thereof, and says the same are untrue.

"(2) That the policy herein sued on was issued June 7, 1920, upon the life of Nellie Wallace, and that in said policy Ernest Wallace was named as beneficiary, and that the death of said Nellie Wallace occurred February 11, 1922, and on, to wit, June 3, 1922, said policy was duly transferred and assigned by said Ernest Wallace to plaintiff, Ida Lee, and that said policy contained the following clause: 'Incontestability. This policy shall be incontestable after one year from date of issue, except for fraud ·or misstatement of age.'

"Plaintiff avers that the death of the said Nellie Wallace occurred as aforesaid more than one year after the date of the issue of said policy.

"(3) Plaintiff says that said policy was issued June 7, 1920, and that in said policy it was expressly provided as follows: 'Incontestability. This policy shall be incontestable after one year from date of issue, except for fraud or misstatement of age.'

"Plaintiff avers that the death of the insured therein named occurred on, to wit, the 11th day of February, 1922, more than one year after the date of the issue of said policy.

"(4) Plaintiff says that said policy was issued June 7, 1920, and that in said policy it was expressly provided as follows: 'Incontestability. This policy shall be incontestable after one year from date of issue, except for fraud or misstatement of age.'

"Plaintiff avers that the death of the insured therein named occurred on, to wit, the 11th day of February, 1922, more than one year after the date of the issue of said policy, and that said policy was in full force and effect at the time of the said death of said insured."

J. L. Drennen, of Birmingham, for appellant.

The incontestable clause shuts off the defense that insured's death was caused by the criminal act of the beneficiary. Supreme Lodge v. Overton, 203 Ala. 193, 82 South. 443,' 16 A. L. R. 649; Mutual Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860; United Order v. Overton, 203 Ala. 335, 83 South. 59, 13 A. L. R. 672; Healy v. Insurance Co., 37 App. D. C. 240; Dibble v. Insurance Co., 170 Cal. 199, 149 Pac. 171, Ann. Cas. 1917E, 34.

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellee.

The beneficiary in a policy of life insurance, who murders the insured, will be denied the right to recover thereon upon grounds of public policy; and an assignee has no better right than the beneficiary. Johnson v. Metropolitan Co., 85 W. Va. 70, 100 S. E. 865, 7 A. L. R. 823; Schmidt v. Northern Life Asso., 112 Iowa, 41, 83 N. W. 800, 51 L. R. A. 141, 84 Am. St. Rep. 323; Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997; Murchison v. Murchison (Tex. Civ. App.) 203 S. W. 423; McDonald v. Mutual Life Ins. Co., 178 Iowa, 863, 160 N. W. 289; Metropolitan Life Ins. Co. v. Shane, 98 Ark. 132, 135 S. W. 836; Anderson v. Life Ins. Co., 152 N. C. 1, 67 S. E. 53; Filmore v. Metropolitan Life Ins. Co., 82 Ohio St. 208, 92 N. E. 26, 28 L. R. A. (N. S.) 675, 137 Am. St. Rep. 778; note, 3 L. R. A. (N. S.) 726; 25 Cyc. p. 895; 14 R. C. L. 1228; 2 Joyce on Insurance, p. 1826; Equitable Life Assur. Soc. v. Weightman, 61 Okl. 106, 160 Pac. 629, L. R. A. 1917B, 1210; 4 Cooley, Briefs, 3153; 25 Cyc. p. 895. An incontestable clause does not apply in favor of either the beneficiary or an assignee, where the insured was murdered by the beneficiary. Clement v. N. Y. Life Ins. Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650; Equitable Life Assur. Soc. v. Weightman, supra; Bromley's Adm'r v. Wash. Life Ins. Co., 122 Ky. 402, 92 S. W. 17, 5 L. R. A. (N. S.) 747, 121 Am. St. Rep. 467, 12 Ann. Cas. 685. An incontestable clause does not apply, where policy had become lapsed for nonpayment of premiums prior to the death of the insured. Thompson v. Fid. Mut. Life Ins. Co., 116 Tenn. 557, 92 S. W. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. Rep. 823; 2 Joyce on Ins. p. 2218; 3 Cooley, Briefs, 2261; Schmertz v. U. S. Life Ins. Co., 118 Fed. 250, 55 C. C. A. 104.

BRICKEN, P. J. Action on a policy of life insurance. The complaint is substantially in Code form. By pleas, which are set out in the report of the case, defendant, appellee here pleads: (1) That the beneficiary under the policy unlawfully, intentionally, and feloniously took the life of the insured prior to the assignment of the policy to the appellant. (2) That the insured was murdered by the beneficiary in the policy, and the policy subsequently assigned to appellant. (3) A provision of the policy excepting death from a malicious act of the beneficiary as a risk covered by the policy and an allegation that the insured came to her death as the result of the malicious act of the beneficiary prior to the assignment of the policy. (4) A provision of the policy forfeiting the policy for failure to pay premiums when due, and a grace of four weeks, with an allegation that the policy was "paid up" to, to wit, December 5, 1921, and that no premiums were paid since that date, the insured having met her death on February 11, 1922.

By replications, which are set out, appellant replied, specially, in substance that the policy sued on contained an "incontestable clause" reading as follows:

"Incontestable. This policy shall be incontestable after one year from date of issue, except for fraud or misstatement of age."

And alleged that the insured came to her death more than a year after the policy was issued.

The special replications were demurred to, demurrer was sustained, and the case is here on the record.

The sufficiency of each of the replications as an answer to pleas 1 to 4 are the only questions before the court.

[1] 1. The appellant, as assignee of a transferable but nonnegotiable policy of life insurance, occupies, so far as the case at bar is concerned, the shoes of the assignor, with identical rights and subject to the same defenses.

[2] 2. The replications were a complete answer to the defense attempted by pleas 1 and 2. Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 South. 299, L. R. A. 1918D, 860; Mutual Life Ins. Co. v. Lovejoy, 203 Ala. 452, 83 South. 591; Supreme Lodge of Knights of Phythias v. Overton, 203 Ala. 193, 82 South. 443, 16 A. L. R. 649; United Order of Golden Cross v. Overton, 203 Ala. 335, 83 South. 59, 13 A. L. R. 672.

No incontestable clause was involved in the case of Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997, or in Murchison v. Murchison (Tex. Civ. App.) 203 S. W. 423, and like cases. For the reason stated, they are inapplicable here.

[3, 4] 3. A contract of insurance must be construed as a whole. The pleas and replications shed but meager light on the entire contract, but we are informed (by plea 3) that the policy contained a provision excepting death resulting from a malicious act of the beneficiary as a risk covered by the contract. The incontestable clause was no answer to this plea. The legal effect of this plea was to say that the death of the insured was caused by a malicious act of the beneficiary and a risk of that kind was not covered by the policy and specifically excepted therein. Construing both clauses together, each has a field of operation.

[5] 4. Applying the foregoing principles to plea 4, the opinion here prevails that the incontestable clause is no answer to the plea setting up a forfeiture of the policy for failure to pay the premium as it became due. The payment of a premium at a specified time is the foundation of the insurance business. The clause forfeiting the policy after expiration of the grace period is in no wise affected by the incontestable clause.

An agreement on its part not to contest except for fraud or misstatement of age must be construed in connection with the further provision that a default in payment of the premium; after expiration of the grace period, forfeited the policy. Each clause may. be enforced without doing violence to the rights of either party. Thompson v. Fidelity Mutual Life Ins. Co., 116 Tenn. 557, 92 S. W. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. Rep. 823.

Reversed and remanded.

### On Rehearing.

In addition to the authorities cited in the original opinion, the following cases from other jurisdictions sustain the ruling there announced: N. W. Mutual Life Ins. Co. v. Johnson, 254 U. S. 96, 41 Sup. Ct. 47, 65 L. Ed. 155; Hardy v. Phœnix Mutual Life Ins. Co., 180 N. C. 180, 104 S. E. 166; Plotner v. N. W. National Life Ins. Co. (N. D.) 183 N. W. 1000.

The court has consulted the case of Slocum v. Metropolitan Life Ins. Co. (Mass.) 139 N. E. 816, and Johnson v. Metropolitan Life Ins. Co., 85 W. Va. 70, 100 S. E. 865, 7 A. L. R. 823; Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819, cited by appellant, and it does not appear that any incontestable clause was involved in either of said cases.

The application for rehearing is overruled.