190 So. 276

SOUTHERN LIFE & HEALTH INS. CO. v. WHITFIELD.

3 Div. 302.

Supreme Court of Alabama.

June 29, 1939.

R. L. Farnell and L. H. Walden, both of Montgomery, for appellee.

L. A. Sanderson, of Montgomery, for appellant.

BOULDIN, Justice.

Action on a life insurance policy by the beneficiary therein named.

The plea was the general issue in short by consent, with leave to present any defense available by special plea and leave to plaintiff to present any matter available by special replication.

This plea put in issue the existence of the policy alleged in the complaint; and cast on plaintiff the burden of proof in that regard. National Life. & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; Life Ins. Co. of Virginia v. Mann, Ala.App., 186 So. 583.

The record discloses the plaintiff held a policy, that it was present in court

and identified by plaintiff as a witness. It nowhere appears the policy was offered in evidence. Indeed, the bill of exceptions recites that it contains all the evidence introduced on the .trial. The policy is not in the bill of exceptions. Thus, the record negatives the introduction of the policy in evidence.

The plaintiff, therefore, did not make out a prima facie case, and defendant was due the affirmative charge as requested.

For the purposes of another trial, we deal with certain legal questions.

It appeared, without dispute, that the insured came to his death by electrocution in execution of the sentence of the law upon his conviction of murder in the first degree.

■ The law of Alabama, in harmony with the prevailing rule elsewhere, is that this constitutes a good defense against a suit on the policy. Grounds of public policy have been recognized in many decisions, here and elsewhere. But the rule is put upon the further ground that such risk is not within the coverage of the policy; that the insurer has contracted against the risk of death generally, but not against the risk of self-destruction through execution for crime whereof he shall have been duly convicted and sentenced to death. Supreme Commandery of the Knights of the Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am.Rep. 332; Burt v. Union Central Life Insurance Company, 187 U.S. 362, 23 S.Ct. 139, 47 L.Ed. 216; United Order of the Golden Cross v. Overton, 203 Ala. 335, 83 So. 59, 13 A.L.R. 672; Supreme Lodge of Knights of Pythias v. Overton, 203 Ala. 193, 82 So. 443, 16 A.L.R. 649; Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L.R.A.1918D, 860; Ex parte Weil, 201 Ala. 409, 78 So. 528.

Appellee challenges the rule declared in these authorities as violative of Section 19 of our Bill of Rights, saying: "No conviction shall work corruption of blood or forfeiture of estate."

This view is sustained in Hugh Collins v. Metropolitan Life Insurance Company, 232 Ill. 37, 83 N.E. 542, 14 L.R.A.,N.S., 356, 122 Am.St.Rep. 54, 13 Ann.Cas. 129.

This may be considered the leading case holding this view, and has been followed in Weeks v. New York Life Ins. Co., 128 S.C. 223, 122 S.E. 586, 35 A.L.R. 1482; Fields v. Metropolitan Life Ins. Co., 147 Tenn. 464, 249 S.W. 798, 36 A.L.R. 1250;

American National Insurance Company v. Coates, 112 Tex. 267, 246 S.W. 356.

We see no good reason to depart from the rule of our own cases, supported by eminent authority elsewhere.

■ Suffice to say the basis of our rule is that the insurer has not contracted to create any estate accelerated by the crime of the insured bringing him to premature death at the hands of the law. Certainly, it is a sound view that an express provision to insure a man's life if he come to his death by execution for crime would be void as against public policy. By parity of reasoning, a policy, silent on the subject, should not be held to include such hazard. This court has held the insurer may be bound by an incontestable clause, directed not to the cause of death, but to the hazard of litigation after a stipulated time. See, Lovejoy case, supra.

No question of a non-forfeiture clause is presented in the instant case.

Since the cause must be retried we deem it fitting to forego all discussion of the question of waiver or estoppel in connection with the above noted defense.

For error in refusing the affirmative charge for want of evidence of the existence and terms of the policy sued upon, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.