194 So. 421

## SOUTHERN LIFE & HEALTH INS. CO. v. WYNN.

### 6 Div. 529.

Court of Appeals of Alabama.

Feb. 27, 1940.

Cabaniss & Johnston, of Birmingham, for appellant.

208

J. H. Dinning, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment in the lower court in an action by appellee on a life insurance policy issued by appellant company. The plaintiff is the beneficiary in said policy. Under the policy the defendant company agreed, in consideration of the payment of premiums therein specified, to pay to said beneficiary, upon receipt of proof of death of one Joseph Davenport, the insured, made as provided in said policy, and upon the surrender of the policy and premium receipts the sum of $180, the amount specified in said policy.

The suit was upon the policy itself which was attached to and made a part of plaintiff's complaint.

The plea of the defendant was the general issue in short by consent, with leave to present any defense available by special plea and with leave to plaintiff to present any matter available by special replication.

The trial of the cause was by the court, without a jury, both parties agreeing to waive a trial by jury.

The plaintiff introduced in evidence the policy described in the complaint, which, as stated, was issued by defendant insuring the life of the said Joseph Davenport, the nephew of the beneficiary named in said policy, and it was agreed between the parties that the said beneficiary Emma Wynn, had reared the said Joseph Davenport from infancy, and that she had taken out said policy and had paid all the premiums which had accrued thereon, and that the said Joseph Davenport, the identical person named as the insured in said policy, died on December 16, 1938, and that his death was due to suicide, and that all premiums due upon said policy up until the time of his death had been paid, and the plaintiff had made proofs of such facts to the defendant, and that the defendant had declined to pay the proceeds of the policy to the plaintiff, the beneficiary named therein.

The above and foregoing constituted all the evidence and all stipulated and agreed facts introduced upon the trial of the case in the court below, and upon the submission of the case to the trial court for its judgment upon said complaint and defendant's plea thereto, and upon the agreed facts as above outlined, including the policy of insurance, the trial court entered a judgment in favor of the plaintiff for $184.71, to which judgment, the defendant, in open court, then and there duly and legally excepted.

The appellee contends that her admission that Joseph Davenport, the insured, died as a result of suicide, without more, did not bar her right to a recovery under the policy of insurance sued upon, and her contention is, that the burden was on the defendant to prove that the deceased committed suicide, with suicidal intent, and that the felonious intent must be proved by a fair preponderance of the evidence.

It is to be noted, according to the agreed statement of facts, upon which the said cause was submitted for the judgment of the lower court, that Joseph Davenport, the insured named in said policy, died on December 16, 1938, and that his death "was due to suicide."

In the case of Supreme Commandery of the Knights of the Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am.Rep. 332, suicide is defined as "voluntary, criminal self-destruction."

In the case of McMahan v. State, 168 Ala. 70, 53 So. 89, 91, it is said that at common law suicide was a felony, and in support thereof, the following excerpt from 1 Hale's Pleas of the Crown, p. 411, was quoted by our Supreme Court with approval: "Felo de se, or suicide, is where a man of the age of discretion (14 years at common law) and compos mentis voluntarily kills himself by stabbing, poison, or any other way. * * * If he lose his memory by sickness, infirmity, or accident, and kills himself, he is not felo de se; neither can he be said to commit murder upon himself or any other."

It appears from an examination of the photostatic copy of the policy of insurance sued upon, which photostatic copy is incorporated in and made a part of the bill of exceptions set out in the record before this court on this appeal, that said policy is silent as to whether suicide is a risk covered therein. And it further appears that there is no incontestable clause in said policy of insurance.

The appellee contends that the Ainsworth case, supra, is not decisive of the proposition that her admission that the insured's death was due to suicide prohibits the collection by her of liability under said policy, and cites the case of Mutual Life Insurance Company of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, 302, L.R.A.1918D, 860, as limiting, modifying or controlling the pronouncement in the Ainsworth case to the effect, "that voluntary, criminal self-destruction, 'suicide,' as defined at common law, should be implied as an exception to the liability of the insurer, or, rather, as not within the risks contemplated by the parties, reluctant as the courts may be to introduce by construction or implication exceptions into such contracts, which usually contain special exceptions."

In the case of Mutual Life Insurance Company of New York v. Lovejoy, supra, a policy of life insurance was the basis of the action there involved and that policy contained the following clause: "This policy shall be incontestable, except for nonpayment of premiums, provided two years shall have elapsed from its date of issue." Upon the original submission of that case our Supreme Court held that suicide not being a risk insured against as pronounced in the Ainsworth case, the incontestable clause contained in said policy could not be used in an effort to enforce the collection of the amount alleged to be due under said policy, and with respect to this pronouncement our Supreme Court said, upon the original submission:

"The case of Pauline Weil v. Travelers' Ins. Co. [201 Ala. 409], 78 So. 528 (present term), a review by certiorari of the decision of the Court of Appeals, is an authority for the view that the incontestable clause in the policy here considered is no answer to a defense based upon the voluntary, intentional deprivation of self-existence by the assured while in his sound mind. This is, in our opinion, but the logical result of the decision of this court in the Ainsworth Case, supra, and we cite it with approval; also the decision of the North Carolina Supreme Court in Scarborough v. American National Ins. Co., 171 N.C. 353, 88 S.E. 482, Ann.Cas.1917D, 1181 [L.R.A.1918A, 896], where the Ainsworth Case is quoted.

"In the Ainsworth Case it is pointed out that an express agreement to pay the insurance money to the assured, in the event he committed suicide, would be repudiated by the court as offensive to law and good morals, and thus the public policy of this state was clearly and unmistakably declared as far back as 1882, and has not been questioned since that time either by the courts or the Legislature."

Upon application for rehearing our Supreme Court, speaking with reference to the incontestable clause contained in the policy of insurance in the Lovejoy case, said:

"We fail to see why such a clause or provision is not valid, or why the courts should not enforce it. We cannot presume, in the absence of proof, that either party to the contract intended to violate the law, or to make a contract against public policy. If parties to an insurance contract or any other contract should attempt to incorporate a provision in violation of a statute or against public policy, the attempt would fail; the contract would be void, and would not be enforced by the courts. The contract of insurance here sued upon, on its face shows no such attempt on the part of either party. The incontestable clause in question was not, so far as we are informed, intended by the parties or either of them to be given such effect. No court, so far as we are advised, has construed such clause. Certain it is that this court has never construed such a clause. No such clause was involved in the Ainsworth Case, 71 Ala. 436, 46 Am.Rep. 332, and hence that decision cannot be held to be an authority against the present holding. Nor was any such clause involved in the case of Ritter v. Mutual Insurance Co., 169 U.S. 139, 18 S. Ct. 300, 42 L.Ed. 693. The legal principle involved and decided in these two cases, and since recognized and followed, is well stated in the former (our own) case, by Brickell, C. J., as follows:

" 'Death, the risk of life insurance, the event upon which the insurance money is payable, is certain of occurrence; the uncertainty of the time of its occurrence is the material element and consideration of the contract. It cannot be in the contemplation of the parties that the assured by his own criminal act, shall deprive the contract of its material element; shall vary and enlarge the risk, and hasten the day of payment of the insurance money.' 71 Ala. 436, 447, 46 Am.Rep. 332."

It is further to be observed, that upon application for rehearing in the Lovejoy case, our Supreme Court declared that the concrete question decided in the Ainsworth case, was that: "Under a contract of life insurance issued by a mutual company, conditioned to be subject to any by-laws thereafter to be enacted, the insured is bound by a subsequent by-law forfeiting such policies when the insured should die by his own hand, sane or insane."

This court is not of the opinion that the pronouncements of our Supreme Court in the Lovejoy case, as to the concrete question which was decided in the Ainsworth case, in any manner militates against the soundness of the holding in the Ainsworth case to the effect that an allegation that the insured came to his death by suicide is in law an allegation of voluntary, intentional, deprivation of self-existence by the assured while in his senses, that is, if words are to be given their legal signification when used in or applied to contracts of life insurance.

The appellee next cites the case of Penn Mutual Life Ins. Co. v. Cobbs, 23 Ala. App. 205, 123 So. 94, 97. In the Cobbs case this court held, in line with the pronouncement in the Ainsworth case, that: "Suicide was a felony at common law, and in Alabama is a crime involving moral turpitude."

This court further held in the Cobbs case, in substance, that suicide means self-destruction by one with the felonious intent to take his own life; and we further held that the burden of proof was on one pleading suicide in avoidance of liability under an insurance policy to prove not only that the deceased came to his death by his own hand but that he had at the time the felonious intent to take his own life. A plea that a decedent came to his death by his own hand having at the time the felonious intent to take his own life is a plea of suicide. An admission that the insured came to his death as the result of suicide is in law an admission that he came to his death by his own hand, having at the time the felonious intent to take his own life.

If the defendant in the court below had interposed, by way of special plea, the defense that the insured came to his death as the result of suicide, and there had been no admission that the insured came to his death as the result of suicide, then the burden would have been upon the defendant to reasonably satisfy the jury by competent evidence that the insured not only took his own life, but that he did so having at the time the felonious intent to take his own life. In Alabama these two elements are essential and component parts of suicide. When the plaintiff in the court below admitted in open court that the insured came to his death as the result of suicide, then she admitted that he came to his death by his own hand having at the time the felonious intent to take his own life, thereby relieving the defendant of making further proof of these facts.

The case of the Missouri State Life Insurance Co. v. Stuckey, 224 Ala. 590, 141 So. 246, is also cited by appellee as tending

to support the proposition that notwithstanding the agreement that the deceased came to his death as the result of suicide, the appellant was required not only to prove that the deceased killed himself, but that he did so with suicidal intent.

In the Stuckey case, supra, the insurance company interposed a special plea which among other things asserted that the insured came to her death by self-destruction, sane or insane, within one year from the date of issuance of the policy of insurance there sued upon.

The Supreme Court announced in the Stuckey case, that the great weight of evidence showed that the insured came to her death as the result of strychnine poisoning; that there was no evidence that she was insane, and that the question most strenuously litigated was whether she took poison with suicidal intent, or through mistake.

The Supreme Court correctly ruled that the burden of proof on the issue presented by the insurance company's affirmative plea, was on the insurance company. This burden rests upon every litigant interposing a special defense in any case. The burden of proof is on any litigant who affirms the facts of any defense to be true.

In neither the Cobbs case, nor the Stuckey case, was there any admission that the insured came to his death as the result of suicide. In each of those cases it was strenuously insisted by the plaintiff that the deceased, who was the insured, did not come to his death, or her death, as the result of suicide. In the case at bar, the suicide of the deceased is admitted. Attaching to that word its legal signification as pronounced by this court, and by our Supreme Court, an admission of suicide is an admission that the deceased came to his death as the result of voluntary, criminal, self-destruction; "suicide," as defined at common law.

█ Appellee next contends, that if it be granted that the appellant has shown that the deceased came to his death by his own hand, and that at the time he had the felonious intent to take his own life so as to preclude the legal representative of the deceased from maintaining the suit, yet, says appellee, the beneficiary would not be affected, and that the present suit is by and for a beneficiary who raised deceased from infancy and who bore all of the burdens of his maintenance and support. This question this court cannot consider, further than to say, in the case of Southern Life & Health Ins. Co. v. Whitfield, Ala.Sup., 190 So. 276, 277,[1] in which there was involved a suit on a life insurance policy by the beneficiary therein named, the Supreme Court declared that it appeared, without dispute, that the insured came to his death by electrocution in execution of the sentence of the law upon his conviction of murder in the first degree. And in said case, the Supreme Court further declared that the law of Alabama, in harmony with the prevailing rule elsewhere, is that death occasioned by the execution of the sentence of the law upon a person insured, upon his conviction of murder in the first degree, constitutes a good defense against a suit on the policy. This, the Supreme Court announced was in accord with the grounds of public policy existing here and elsewhere, and also upon the further ground that such risk is not within the coverage of the policy, and said the court: "The insurer has contracted against the risk of death generally, but not against the risk of self-destruction through execution for crime whereof he shall have been duly convicted and sentenced to death. Supreme Commandery of the Knights of the Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am.Rep. 332; Burt v. Union Central Life Insurance Company, 187 U.S. 362, 23 S.Ct. 139, 47 L.Ed. 216; United Order of the Golden Cross v. Overton, 203 Ala. 335, 83 So. 59, 13 A.L.R. 672; Supreme Lodge of Knights of Pythias v. Overton, 203 Ala. 193, 82 So. 443, 16 A.L.R. 649; Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L.R.A.1918D, 860; Ex parte Weil, 201 Ala. 409, 78 So. 528."

For the reasons pointed out, it is the opinion and judgment of this court that the trial court erred in rendering a judgment in favor of the plaintiff, and also in not rendering a judgment upon the pleadings and proof, as agreed upon, in favor of defendant.

█ It may be that the admission upon the part of the beneficiary that the deceased came to his death as the result of suicide was inadvertent, when the legal signification and meaning of the term suicide is attached thereto; and so this court feels impelled, to accord to appellee, the opportunity of asserting such legal right to which upon another trial she may be entitled.

[1] 238 Ala. 243.

We, therefore, reverse the action of the court in rendering judgment, as stated; and remand the cause to the court below.

Reversed and remanded.

